UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN ADMIRALTY

IN THE MATTER OF THE:

Complaint and Petition of AINEO
CORPORATION, and its stockholder,
ROBERT K. WILSON, as owners
and/or owners *pro hac vice* of Vessel
2019 Chaparral Suncoast 230, HIN
FGBW0119H819, including her
engines, gear, tackle, appurtenances,
furniture, etc., for Exoneration from
and/or Limitation of Liability,

  Petitioners.
_____/

CASE NO. 3:19-cv-1384-J-34JBT

## **REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Petitioners' Motion to Dismiss and/or to Strike Claimant Warren's Claim and Demand for Jury Trial ("Motion") (Doc. 14), Claimant's Response thereto (Doc. 16), and Petitioners' Reply (Doc. 26). The Motion was referred to the undersigned for a report and recommendation regarding an appropriate resolution. (Doc. 25.) For the reasons stated herein, the

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED** to the extent that Claimant's demand for jury trial be **STRICKEN with prejudice**, that Claimant's unseaworthiness claim be **DISMISSED with prejudice**, that Claimant's negligence claim be **DISMISSED without prejudice**, and that Claimant be given fourteen days from the Court's order on this Report and Recommendation to file a properly pleaded negligence claim.[2]  To the extent the Motion requests any further relief, the undersigned recommends that it be **DENIED**.

## I.     Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must determine whether the Claim of Linda Warren ("Claim") (Doc. 12 at 3–5) sets forth sufficient factual allegations to establish a claim upon which relief can be granted.  In evaluating whether Claimant has stated a claim, the Court must determine whether the Claim satisfies Federal Rule of Civil Procedure 8(a)(2), which requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Iqbal*, 556 U.S. at 678.

---

[2] Although the Claimant's Claim is not separated into counts for unseaworthiness and negligence, it makes reference to both.  (Doc. 12 at 3–5.)

Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Though detailed factual allegations are not required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*  Indeed, allegations showing "[t]he mere possibility the defendant acted unlawfully [are] insufficient to survive a motion to dismiss*.*" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'") (quoting *Twombly*, 550 U.S. at 557).  Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In ruling on a motion to dismiss under Rule 12(b)(6), a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. *Sinaltrainal*, 578 F.3d at 1260.  However, the Court is not required to accept Claimant's legal conclusions. *Iqbal*, 556 U.S. at 678 (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  Nor is the Court "required to draw plaintiff's inference." *Sinaltrainal*, 578 F.3d at 1260 (internal citation and quotations omitted).  "Similarly, unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." *Id.*

3

(internal citation and quotations omitted); *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

## II. Analysis

### A. Demand for Jury Trial

In the Claim, Claimant requests that her "right to jury trial be preserved, …." (Doc. 12 at 5.) Petitioners argue that Claimant's demand for jury trial should be stricken because no right to a jury trial exists in limitation actions. (Doc. 14 at 6–7.) Claimant does not address this argument in her Response. "In limitation proceedings, as in all admiralty cases, there is no right to a jury trial." *Matter of Cameron*, Case No. 3:17-cv-1460-J-20JRK, 2018 WL 3860138, at *1 (M.D. Fla. May 9, 2018) (quoting *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032, 1037 (11th Cir. 1996)). "This rule remains in effect where a counterclaiming party demands a jury trial and the counterclaim arises out of the same operative facts." *In re Atkinson*, Case No. 3:08-cv-612-J-HTS, 2008 WL 4104561, at *1 (M.D. Fla. Aug. 29, 2008). Accordingly, the undersigned recommends that Claimant's demand for jury trial be stricken with prejudice.

### B. Unseaworthiness Claim

Claimant alleges vaguely that she is bringing this action "under the Doctrine of Unseaworthiness[,] under the General Maritime Law of the United States, and any other applicable law." (Doc. 12 at 3.) Petitioners argue that Claimant fails to state a cause of action for unseaworthiness because she was a passenger aboard the subject vessel at the time of the alleged incident. (Doc. 14 at 3–5.) "A ship's

passengers are not covered by the warranty [of seaworthiness]." *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984). In both the Claim and Response, Claimant specifically acknowledges that she was a passenger aboard the subject vessel. (Doc. 12 at 3*;* Doc. 16 at 2.) Moreover, Claimant does not address this argument in her Response. Accordingly, the undersigned recommends that to the extent Claimant is attempting to bring an unseaworthiness claim, that claim be dismissed with prejudice.

### C. Negligence Claim

The Eleventh Circuit has stated:

> In analyzing a maritime tort case, we rely on general principles of negligence law. To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm. Concerning the duty element in a maritime context the Supreme Court held in *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 630 [ ] (1959), that a shipowner owes the duty of exercising *reasonable care* towards those lawfully aboard the vessel who are not members of the crew.

*Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1336 (11th Cir. 2012) (citations and quotations omitted).

The undersigned recommends that the Claim fails to allege sufficient facts to state a claim for negligence as required by *Twombly* and *Iqbal*. In particular, apart from conclusory statements, the only factual allegations contained in the Claim regarding breach of the duty of reasonable care are that "[o]n or about May

5

30, 2019, a crew member/owner of the Vessel . . . negligently extricated Linda Warren from the Vessel resulting in serious bodily injury to Ms. Warren." (Doc. 12 at 4.)  The Claim contains no other facts about Claimant's alleged extrication from the vessel.  From this meager factual content, the undersigned recommends that the Court cannot draw the reasonable inference that Petitioners are liable.

In *Walker v. Mead*, Case No. 6:13-cv-1894-Orl-36GJK, 2014 WL 2968405 (M.D. Fla. June 30, 2014), the court held that the claimant failed to state a claim for negligence because he alleged "in conclusory fashion that while he was a passenger on Petitioner's vessel that Petitioner acted negligently causing Claimant to fall and to sustain injuries. . . .  The claim fails to plead . . . any facts tending to show Petitioner breached [its] duty, causing Claimant to fall and to actually sustain injuries." *Id.* at *4.  The undersigned recommends that here, as in *Walker*, Claimant fails to allege sufficient facts to support her conclusory allegation of negligence. Accordingly, the undersigned recommends that Claimant's negligence claim be dismissed without prejudice.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (**Doc. 14**) be **GRANTED** to the extent stated below.
2. Claimant's demand for jury trial be **STRICKEN with prejudice**.
3. Claimant's unseaworthiness claim be **DISMISSED with prejudice**.
4. Claimant's negligence claim be **DISMISSED without prejudice**.

5.   Claimant be allowed fourteen days from the Court's order on this Report and Recommendation to file a properly pleaded negligence claim.[3]

6.   To the extent the Motion (**Doc. 14**) requests any other relief, it be **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, on May 13, 2020.

_____
JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

---

[3] Claimant's counsel must ensure that any amended claim, and all future filings, contain a signature after the body of the filing itself.  See Fed. R. Civ. P. 11(a).  If a certificate of service is included, there must be a second signature after that.  See Fed. R. Civ. P. 5(d)(1).